KENTUCKY BAR ASSOCIATION,
Movant,

v.

Cynthia Ann MANDELLO, Respondent.

Nos. 98–SC–551–KB, 98–SC–574–KB.

Supreme Court of Kentucky.

Jan. 21, 1999.

Reconsideration Denied March 25, 1999.

Bruce K. Davis, Executive Director, Jane Herrick Hampton, Kentucky Bar Association, Frankfort, KY, for Movant.

William D. Nesmith, Henderson, KY, for Respondent.

## OPINION AND ORDER

LAMBERT, Chief Justice.

In this Opinion and Order, we adopt the Kentucky Bar Association ("KBA") Board of Governors' recommendations in two separate disciplinary proceedings, pursuant to SCR 3.370(9), to suspend Cynthia A. Mandello from the practice of law for six (6) months and one (1) year, respectively, for a total of eighteen (18) months.

### I.

The facts of the first disciplinary proceeding against Respondent are as follows. Cynthia Ann Mandello was admitted to the practice of law in Kentucky on October 30, 1987, and recently practiced in and around the Henderson County area of Kentucky. On December 21, 1989, Respondent entered into an agreement with Robert L. Hackney, a non-lawyer, by way of a signed "Contract for Services," which provided:

> I, Cynthia Mandello, attorney at law, do hereby contract and hereinafter employ Robert L. Hackney to act in my behalf in the investigation of any and all claims arising from the wrongful death of George Eugene Williams, said services provided by Robert L. Hackney as directed by Cynthia A. Mandello to be recompensed as 15% of the gross amount of any sums received by Cynthia A. Mandello from the estate of George E. Williams as a result of the contract between Cynthia A. Mandello and Carolyn Lynn Williams, Administratrix of the estate of George E. Williams.

This agreement constitutes a violation of SCR 3.130–DR3–102(a) (in effect through December 31, 1989) and SCR 3.130–5.4(a)(1), which prohibit a lawyer from sharing legal fees with a nonlawyer except in certain enumerated situations.

While the foregoing charge was pending, Respondent was notified by letter, dated October 10, 1997, from Bruce K. Davis, the Executive Director of the Kentucky Bar Association, that the original Inquiry Tribunal charge against her had been expanded to cover additional issues and allegations, and the letter requested a detailed written response to these allegations no later than

November 1, 1997. Respondent failed to respond to this letter, in violation of SCR 3.130–8.1(b), which prohibits a lawyer from knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority in connection with a disciplinary matter.

## II.

■ The facts of the second disciplinary proceeding against Respondent are as follows. In January 1995, Respondent was retained by Richard Milford for a $500 fee to file an action against John Newgent, a would-be purchaser of property owned by Milford under a contract for deed. Thereafter, Milford heard nothing from Respondent from January 31, 1995 though March 25, 1996, despite repeatedly having sent her letters and having made numerous telephone calls. By failing to respond to the client's request for information and by failing to file suit on behalf of the client, Respondent committed violations of SCR 3.130–1.3, which requires that a "lawyer shall act with reasonable diligence and promptness in representing a client." Furthermore, by failing to return Mr. Milford's telephone calls, by failing to answer his letters, and by failing to otherwise keep him apprised of the status of the case, Respondent committed violations of SCR 3.130–1.4(a), which provides that a "lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

Upon receipt of Milford's complaint against Respondent, copies of the complaint and corroborating documents were sent by certified mail to Respondent at her two known addresses. The first envelope, sent to Respondent at her Waverly, Kentucky address, was returned to the KBA marked "unclaimed." The enveloped forwarded to respondent at her address in Henderson, Kentucky was received and signed for by Donna Southard. Thereafter, the KBA sent copies of the complaint to the sheriffs of Henderson County and Union County for personal service on Respondent. She was served on January 12, 1998, in Henderson County, and on January 16, 1998, in Union County.

On February 2, 1998, Respondent was sent letters at her two addresses by the KBA warning her that the complaint would be reviewed by the Inquiry Tribunal without response from her unless her default was cured by filing of such response before February 13, 1998. Respondent was also reminded in the letters that failure to respond might subject her to additional charges of professional misconduct. Neither of those letters was returned to the KBA. By failing to respond to the complaint and by failing to acknowledge receipt of the complaint, Respondent committed a violation of SCR 3.130–8.1(b).

Upon the foregoing facts and circumstances, it is ordered that:

1. Cynthia A. Mandello is hereby suspended from the practice of law for six (6) months for her professional misconduct described in part I.

2. Cynthia A. Mandello is hereby suspended from the practice of law for an additional one (1) year for her professional misconduct described in part II. Her total of eighteen (18) months of suspension shall commence on the date of entry of this order and continue until such time as she is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

3. In accordance with SCR 3.450(1), Cynthia A. Mandello is directed to pay the costs of the proceedings described in part I in the amount of $114.14, for which execution may issue from this Court upon finality of this opinion and order.

4. In accordance with SCR 3.450 and SCR 3.480(3), Cynthia A. Mandello is directed to pay all costs of the proceedings described in part II in the additional amount of $39.04, for which execution may issue from this Court upon finality of this opinion and order.

5. In accordance with SCR 3.390, Cynthia A. Mandello shall, within ten (10) days of the entry of this order, notify all clients of her inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. She shall

also provide such notification to all courts in which she has matters pending.

All concur.

Entered: January 21, 1999.

/s/ Joseph E. Lambert
CHIEF JUSTICE