KENTUCKY BAR ASSOCIATION,
Movant,

v.

Cynthia Ann MANDELLO, Respondent.

No. 2000–SC–0857–KB.

Supreme Court of Kentucky.

Dec. 21, 2000.

## OPINION AND ORDER

The Inquiry Tribunal charged Respondent, Cynthia Ann Mandello, with eight counts of misconduct. Two of these counts have been settled or resolved in separate proceedings. The Board of Governors of the Kentucky Bar Association held a hearing on the remaining charges. The Board found Mandello guilty of two of these counts and not guilty of the other four. The Board recommended a suspension of six (6) months to run consecutively with a previous eighteen months of suspension. *See Kentucky Bar Association v. Mandello,* Ky., 986 S.W.2d 897 (1999). We adopt the Board's findings and recommendation as our own.

These charges stem from Mandello's representation of Carolyn Williams in connection with the death of her husband, George Williams, at the University of Kentucky Medical Center. Mandello became aware of George Williams' death and some of the surrounding circumstances during a social encounter with nurses from the University of Kentucky Medical Center. These nurses allegedly described the events leading to Mr. Williams' death in such a way that Mandello became con-

vinced that he died as the result of gross negligence. Based on this knowledge and belief, Mandello sent Mrs. Williams the following letter:

October 27, 1989

Dear Ms. Williams,

I sincerely regret the necessity for this letter and it is only due to my strong feelings of fairness that I would write to you at this time. Over the past weekend, through friends, I learned of the circumstances surrounding your husbands (sic) death and I feel a moral responsibility to suggest that you retain an attorney to investigate it.

I realize that your first thought will be that I am an ambulance chaser. I assure you that I am not, nor have I ever had a need to solicite (sic) business in such a manner. This knowledge that I have concerning your husbands (sic) death has preyed on my mind since learning of it, and in order to alleviate any doubts that you may have concerning my intentions, I can only say that I will cooperate fully with any attorney that you may already have or that you ultimately retain. While I would like to represent you and feel that my background provides me with a strong basis of knowledge with which to protect your interests, I must say that in this particular situation, it is not who you choose to represent you, but that you choose someone. It was purely coincidental that I learned of this occurance (sic). My being an attorney had nothing to do with how I discovered it.

Carolyn, I am a strong Christian. I believe that God has reasons for everything and if it is in his perfect plan that I represent you, then he will provide the means. If someone else is to represent you, then he will insure that my information reaches that person. I truely (sic) believe this and will willingly speak to anyone you choose.

I do not know how to adequately discuss what I learned without causing you additional pain. Please ask someone you trust to call me and I will relate the information, how I learned of it, and what I feel you should legally do.

I know that this is a difficult time for you and again, I regret any additional pain that I may have unwittingly caused. I remain,

Sincerely,

Cynthia A. Mandello

Attorney at Law

Mrs. Williams was not a current or former client of Mandello's, nor had the two ever met prior to this letter being sent. After dismissing the first attorney she hired to represent her, Mrs. Williams hired Mandello to represent her in a medical malpractice action against the University of Kentucky Medical Center in connection with her husband's death.

Mandello was found not guilty on Counts II, IV, VI and VII. Further, Counts V and VII have either been settled or resolved. The remaining two counts—those upon which Mandello was found guilty—are discussed immediately below.

### COUNT I

█ The Inquiry Tribunal charged Mandello with violation of former rule SCR 3.135(6)(a), which was in effect at the time Mandello sent the above letter. That rule provided in pertinent part, "that a fair and accurate representation of any advertisement that does not qualify under Rule 3.135(6)(a) shall be delivered to the Attorneys Advertising Commission in care of the Director no fewer than 30 days before such advertisement is used."[1] The basis of this charge is: (1) Mandello failed to deliver a copy of the above letter to the Attorneys Advertising Commission thirty (30) days before she sent it to Mrs.

---

1. The Supreme Court Rules concerning attorney advertising are currently located at SCR 7.1 *et seq.*

Williams; and (2) Williams was not a current or former client at the time the letter was sent. The Board of Governors found Mandello guilty of this charge by a unanimous vote. Implicit in this conclusion is the finding that Mandello's letter to Mrs. Williams dated October 27, 1989, constituted a letter soliciting business. We agree with this finding and specifically hold that the letter was and is an advertisement within the meaning of the applicable Supreme Court Rules.

*COUNT III*

 The Inquiry Tribunal charged Mandello with violation of former rule SCR 3.135(4), which was in effect at the time Mandello sent the above letter. That rule provided that an attorney could not "use or participate in the use of any form of advertising containing a statement or claim which is false or tends to be misleading, deceptive or unfair or which is self-laudatory." The Board of Governors gives no written basis for finding Mandello guilty of this rule. Nonetheless, it found her guilty by a vote of 15 to 1.

We note the following: Mandello acknowledges in her response to the Trial Commissioner's Findings of Fact that the following statement from the letter is self-laudatory: "... I would like to represent you and feel that my background provides me with a *strong basis* of knowledge with which to protect your interests ...." (Emphasis added). Further, the statement is at the very least misleading in light of the following facts: (1) Mandello only had been engaged in the practice of law for two years prior to sending the letter; and (2) Mandello had never before handled a medical malpractice case. Therefore, we adopt the recommendation of the Board of Governors.

Upon the foregoing facts and charges, it is ordered that:

 1. Respondent, Cynthia Ann Mandello, is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of six (6) months, to run consecutively with any and all current suspensions. The period of suspension shall continue until such time as Mandello is reinstated to the practice of law pursuant to SCR 3.510, or any controlling amendment to SCR 3.510.

2. In accordance with SCR 3.450 and SCR 3.480(3), Mandello is directed to pay all costs associated with this disciplinary proceeding against her, said sum being $2,516.55. Upon the finality of this opinion, an order of execution may issue from this Court for said costs.

All concur.

Entered: December 21, 2000.

/s/ Joseph E. Lambert
Chief Justice